# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| vs. | § | Case No. 4:07cr43 |
| | § | (Judge Crone) |
| PRESTON LAMAR FRENCH | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is the request for revocation of Defendant's supervised release. After the District Judge referred the matter to this Court for a report and recommendation, the Court conducted a hearing on March 9 and 11, 2010, to determine whether Defendant violated his supervised release. Defendant was represented by Denise Benson. The Government was represented by Maureen Smith and Tracy Batson.

On October 2, 2007, Defendant was sentenced to twenty-one (21) months' custody followed by three (3) years of supervised release for the offense of Mail Fraud. On August 25, 2008, Defendant's supervised release began.

On February 12, 2010, the U.S. Pretrial Services Officer executed a Petition for Warrant for Offender Under Supervision. The petition asserted that Defendant violated the following standard conditions: (1) the defendant shall report to the probation officer, and shall submit a truthful and complete written report within the first five days of each month; (2) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons; and (3) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substances, except as prescribed by a physician. The petition also alleges violations of the following special conditions: (1) defendant shall abstain from the consumption of

alcohol and all other intoxicants during the term of supervision; (2) the defendant shall participate in a program of testing and treatment for alcohol and drug use, under the guidance and direction of the U.S. Probation Office, until such time as the defendant is released from the program by the probation officer; (3) under the guidance and direction of the U.S. Probation Office, the defendant shall participate in any combination of psychiatric, psychological, or mental health treatment as deemed appropriate by the treatment provider; and (4) the defendant shall pay a $100 special assessment, and restitution in the amount of $148, 500, joint and several with his co-defendants, on a monthly basis at the rate of at least 10% of the defendant's monthly gross income.

The petition alleges that Defendant committed the following acts: (1) The Defendant failed to report as directed for office visits on November 13, 2009, November 23, 2009, December 10, 2009, and December 18, 2009. Additionally, Defendant failed to submit a written monthly report within the first five days of the month for the months of July, September, November and December 2009. For the months of November and December 2009 the monthly reports were submitted on February 2, 2010; (2) Defendant failed to secure and maintain employment during his term of supervision. Defendant's last verifiable employment, at Trophy Nissan, ended in May 2009; (3) Defendant used alcohol and did so excessively on or about October 25, 2008, June 12, 2009, and January 14, 2010. Defendant was found intoxicated by alcohol during home visits on October 25, 2008 and June 12, 2009. On January 14, 2010, Defendant was taken to the hospital by ambulance due to his self report of breathing difficulties. While at the hospital, Defendant's breath alcohol content was .360. Prior to Defendant being taken to the hospital, the probation officer received a call that Defendant was "passed out" drunk in his hotel room, and would not answer the door; (4) Defendant failed to report for three consecutive substance abuse treatment sessions at Summit Counseling Center in Richardson, Texas, on November 6, 13, and 20, 2009, as directed. He was

subsequently discharged unsuccessfully on December 1, 2009, due to his failure to attend treatment sessions; (5) Defendant failed to report as directed to the office of Dr. Thomas Grugle, M.D., on December 18, 2009, for a medication monitoring appointment; and (6) Defendant has failed to pay restitution as directed, and is currently in default status. Defendant has only paid a total of $200 during his term of supervised release, $50 of which was applied to satisfy his special assessment. Defendant's first payment of $100 was posted on August 17, 2009, one year after his term of supervision commenced. His only other payment, in the amount of $100, posted on November 2, 2009. A restitution balance of $139,408 remains outstanding.

Prior to the Government putting on its case, Defendant entered a plea of true to all of the violations. The Court recommends that Defendant's supervised release be revoked.

## **RECOMMENDATION**

The Court recommends that the District Judge revoke Defendant's supervised release. The Court recommends that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of three (3) months with thirty-three (33) months of supervised release to follow. Defendant shall reside in a residential reentry center or similar facility, in a community convictions component for a period of 120 days to commence upon release from confinement and shall observe the rules of that facility. It is also recommended that Defendant be housed in the Bureau of Prisons, Seagoville Unit. The Court further recommends the following conditions:

> Within 72 hours of release from the custody of the Bureau of Prisons, the defendant shall report in person to the probation office in the district to which the defendant is released.
>
> It is further ordered that the defendant pay restitution in the amount of $139,408. The restitution is due immediately, payable by cashier's check or money order, to the United States District Court and forwarded to the United States District Clerk's Office, P.O. Box 570, Tyler, Texas 75710.
>
> While on supervised release, the defendant shall not commit another federal, state, or local crime, and shall comply with the standard conditions that have been adopted by the Court,

and shall comply with the following additional conditions:

The defendant shall provide the probation officer with access to any requested financial information for purposes of monitoring restitution payments.

The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer unless payment of any financial obligation ordered by the Court has been paid in full.

The defendant shall not participate in any form of gambling unless payment of any financial obligation ordered by the Court has been paid in full.

Under the guidance and direction of the U.S. Probation Office, the defendant shall participate in any combination of psychiatric, psychological, or mental health treatment as deemed appropriate by the treatment provider.

The defendant shall abstain from the consumption of alcohol and all other intoxicants during the term of supervision.

The defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of the U.S. Probation Office, until such time as the defendant is released from the program by the probation officer.

After the Court announced the recommended sentence, Defendant executed the consent to revocation of supervised release and waiver of right to be present and speak at sentencing.

Defendant and the Government also waived their right to file objections.

**SIGNED this 12th day of March, 2010.**

_____
AMOS L. MAZZANT
UNITED STATES MAGISTRATE JUDGE